**In the Matter of John Franklin MILLER and Henrietta S. Miller, Debtors.**

**CLAYCO STATE BANK, Plaintiff,**

v.

**John Franklin MILLER and Henrietta S. Miller, Defendants.**

Bankruptcy Nos. 81–02402–SJ, 81–02403–SJ.

Adv. No. 81–1734–SJ.

United States Bankruptcy Court, W. D. Missouri, St. Joseph Division.

April 20, 1982.

Don R. Lolli, Kansas City, Mo., for plaintiff.

George H. Barr, Kansas City, Mo., for defendants.

ORDER ABSTAINING FROM CHAPTER 7 CASE PURSUANT TO SECTION 305 OF THE BANKRUPTCY CODE AND ACCORDINGLY DISMISSING CASE WITHOUT PREJUDICE UNDER CERTAIN CONDITIONS AND FINAL JUDGMENT DISMISSING ADVERSARY ACTION WITHOUT PREJUDICE AS MOOT AND ALSO ON CONDITIONS

DENNIS J. STEWART, Bankruptcy Judge.

In this action, the plaintiff sues for a denial of the discharge of the debtors as well as for a decree of nondischargeability of the debt which the debtors owe to the plaintiff. After trial of the merits of both issues, this court issued its order on April 6, 1982, directing the parties to show cause in writing within 12 days from that date why the court should not abstain from and dismiss the entire chapter 7 case without prejudice.

In that order, it was noted that, according to the evidence which had been adduced in the hearing of the merits, "the facts in this action must be regarded as clearly establishing the requisite grounds for the denial of a discharge in bankruptcy. But it is frequently said that the establishing of grounds for the denial of discharge is a necessary, but insufficient, condition for the denial of discharge. The denial of discharge is thus still within the sound discre-

tion of the court of bankruptcy, to be exercised in light of the purpose of the bankruptcy law in this respect, which is to deny a discharge only to the dishonest debtor." The court then concluded with the following considerations:

"On the record which has been presented to it, the court cannot conclude with any conscionable assurance that the debtors are indeed dishonest debtors who deserve the denial of the discharge in bankruptcy. All that is clearly shown is that their counsel has failed and refused to obey the procedural rules and orders of the court in the filing of the schedules and in preparing and presenting their defenses in this adversary action. These failures have actually prevented the court from determining whether there is any merit in their possible defenses. In most circumstances, such failures warrant the imposition of default judgment. See *Denton v. Mr. Swiss of America, Inc.*, 564 F.2d 236 (8th Cir. 1977).

"But, in the bankruptcy context, when the issue of honesty or dishonesty of the debtors is joined, the court is hesitant to decide that grave issue on the basis of the defaults of counsel. Under the circumstances, it would appear most propitious and beneficial to all parties if this court should abstain from and dismiss this entire chapter 7 proceeding pursuant to section 305 of the Bankruptcy Code. For, as it stands now, the trustee could not be expected, on the basis of such incomplete schedules which have been filed, to conduct a timely and beneficial administration of the estate. And abstention and dismissal will give the debtors an opportunity to escape the stigma of denial of discharge and also perhaps to institute a title 11 case in the future on the basis of properly filed and complete schedules."

Thereafter, the debtors did not file any response to the order of April 6, 1982, apparently content to have the court abstain from and dismiss their chapter 7 proceedings. The plaintiff, however, objected, stating the following as grounds therefor:

"Plaintiff has introduced uncontroverted evidence that the debtors have been dishonest in their business transactions with plaintiff, and for this reason, defendants' debt to plaintiff should be denied a discharge or alternatively, the defendants should be denied a discharge.

"Plaintiff introduced evidence at trial which proved that defendants used false financial statements to obtain loans and extensions of loans from plaintiff which is the basis for the present debt due plaintiff from defendants. At the hearing, it was uncontroverted that defendant John Miller represented to plaintiff that he had total liabilities of $59,156.00 on July 12, 1977, and $106,740.00 on January 31, 1979. Defendants' schedule of liabilities, however, lists liabilities of $3,180,-000.00 and $4,881,500.00 respectfully for these same years. The concealment of defendants' true financial situation clearly establishes that defendants have been dishonest in their business transactions with plaintiff, and as a result of such dishonesty, plaintiff extended credit when it would not have done so otherwise. Accordingly, the debt from defendant John Miller to plaintiff should be denied a discharge pursuant to 11 U.S.C. section 523(a)(2)(B)."

The court does not disagree with these statements made by counsel for the plaintiff, but, when the issues of discharge and dischargeability raise themselves for consideration at the same time, it is the matter of discharge which is paramount and which should be considered prior to the question of dischargeability. In respect of this paramount issue, the plaintiff has responded as follows:

"11 U.S.C. section 727 of the Bankruptcy Code imposes a duty upon a debtor to explain satisfactorily any shrinkage of his assets and to maintain books, documents and records from which a defendant's financial condition and business transactions can be ascertained. In an attempt to satisfy the requirements of section 727, defendants have produced boxes of uncorroborated and incomplete documents which are impossible to decipher. A com-

plete set of records, which would satisfactorily explain the financial condition of the debtors, has not been produced. It can only be assumed that records which can explain defendants' financial transactions and the resulting shrinkage of assets have never existed, or in the alternative, have purposely not been produced. Defendants' unwillingness to explain the dramatic shrinkage of assets was further established at the hearing, when John Miller testified and offered no indication as to the cause of such shrinkage. For the foregoing reasons, plaintiff's complaint for denial of discharge should be sustained.

"The Court has also ordered the parties to show cause why this bankruptcy proceeding should not be dismissed without prejudice. The result of such a dismissal would inevitably lead to another petition in bankruptcy filed by the debtors. As a result, plaintiff will be forced to repeat its efforts in obtaining a denial of discharge, and the same evidence presumably will be produced by both parties at a second trial. Plaintiff and this Court will have to duplicate their time, efforts and costs in another trial. Because plaintiff will be unduly burdened by participating in a second trial which will be identical to the one in this proceeding, the Court should not abstain from and dismiss the entire bankruptcy proceeding without prejudice. Instead, the Court should deny a discharge to defendants' debt to plaintiff or alternatively to deny a discharge to the debtors."

Again, this court does not disagree with any of the considerations stated by the plaintiff, but rather only hopes to ensure against a judgment, severe in its character, against the defendants which is due only to the derelictions of their counsel in failing to abide the pretrial orders of the court and to present the evidence properly in the hearing which has been conducted by the court. Further, on the question of dischargeability, this court believes that the evidence has been fully and fairly presented, so that a judgment could be issued on the former record of the hearing, without more, in the

event of a refiling of the bankruptcy petition by the debtors. The court is warranted in attaching conditions to a dismissal. See Rule ·41, F.R.Civ.P.; Rule 741 of the Rules of Bankruptcy Procedure. Therefore, the civil action at bar can be dismissed without prejudice on condition that, upon the filing of any subsequent chapter 7 or chapter 13 or chapter 11 petition by the debtors, a judgment will be issued on the basis of the existing record before the court, if the court does not abstain from and dismiss the subsequent title 11 petition with prejudice.

With respect to the subsequent petition which may be filed by the debtors, it must contain sufficient explanation on its face for the diminution of assets which has been evidenced in the hearing of February 20, 1982, and which has been outlined by the court in the order of April 6, 1982. It must further contain therein, or in attachments thereto, a reasonable summary of the types of records kept and preserved by the defendants and the facts and figures which they contain. The court will review the petition and attachments (and it must be submitted to the court before filing) and then, if that is sufficient on its face, will request to see some or all of the underlying documents. Insufficiency in any respect will result in the dismissal of the subsequent petition with prejudice under the abstention statute, section 305 of the Bankruptcy Code.

It is therefore, for the foregoing reasons,

ORDERED AND ADJUDGED that these chapter 7 proceedings be, and they are hereby, abstained from by the court under the provisions of section 305 of the Bankruptcy Code and accordingly dismissed without prejudice on condition (1) that any subsequent title 11 proceeding and petition be submitted to the undersigned before filing with the clerk for review as outlined above and (2) that any insufficiency in the respects mentioned above will be grounds for dismissal of the subsequently filed title 11 case with prejudice, again under the unreviewable power granted the court by the abstention statute, section 305 of the Bankruptcy Code. And it is further

**42**

ADJUDGED that this adversary action be, and it is hereby, abstained from pursuant to section 1471(d), Title 28, United States Code, and accordingly dismissed without prejudice on condition that upon the successful filing of any title 11 petition by the debtors, the court will reopen the adversary action and make a determination of the dischargeability issue on the record which is now before it.